1
2  SCOTT J. KAPLAN (#143478)
   sjkaplan@stoel.com
3  STOEL RIVES LLP
   900 SW Fifth Avenue, Suite 2600
4  Portland, OR 97204-1268
   Telephone: (503) 224-3380
   Facsimile: (503) 220-2480
5
   ANDREW F. BRIMMER (#179146)
6  afbrimmer@stoel.com
   CHRISTOPHER J. CALLEGARI (#238887)
7  cjcallegari@stoel.com
   STOEL RIVES LLP
8  111 Sutter Street, Suite 700
   San Francisco, CA 94104
9  Telephone: (415) 617-8900
   Facsimile: (415) 676-3000
10
   Attorneys for Plaintiffs/Counter-Defendants
11 THE PACIFIC LUMBER COMPANY, SCOTIA
   PACIFIC COMPANY LLC; MAXXAM INC.,
12 MAXXAM GROUP INC., MAXXAM GROUP
   HOLDINGS INC., CHARLES E. HURWITZ,
13 GARY CLARK JOHN CAMPBELL and ROBERT
   MANNE
14

15

16                 UNITED STATES DISTRICT COURT

17                NORTHERN DISTRICT OF CALIFORNIA

18                   SAN FRANCISCO DIVISION

| | |
|---|---|
| THE PACIFIC LUMBER COMPANY, a Delaware corporation; SCOTIA PACIFIC COMPANY LLC, a Delaware corporation; MAXXAM INC., a Delaware corporation; MAXXAM GROUP INC., a Delaware corporation; MAXXAM GROUP HOLDINGS INC., a Delaware corporation; CHARLES E. HURWITZ, an individual; GARY CLARK, an individual; JOHN CAMPBELL, an individual; and ROBERT MANNE, an individual. | Case No. C-06 0212 EDL **STIPULATED PROTECTIVE ORDER** |

19
20
21
22
23

24                     Plaintiffs,

25            v.

26 GENERAL STAR INDEMNITY COMPANY,
   a Connecticut corporation;
27 TRANSPORTATION INSURANCE
   COMPANY, an Illinois corporation,
28

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

STIPULATED PROTECTIVE ORDER          -1-                    C-06 0212 EDL

Portlnd3-1553301.4 0092236-00046

1 | Defendants.
2 | TRANSPORTATION INSURANCE
COMPANY, an Illinois corporation,
3 |
Counter-Complainant,
4 | v.
5 | THE PACIFIC LUMBER COMPANY, a
Delaware corporation; SCOTIA PACIFIC
6 | COMPANY LLC, a Delaware corporation;
MAXXAM INC., a Delaware corporation;
7 | MAXXAM GROUP INC., a Delaware
corporation; MAXXAM GROUP HOLDINGS
8 | INC., a Delaware corporation; CHARLES E.
HURWITZ, an individual; GARY CLARK, an
9 | individual; JOHN CAMPBELL, an individual;
ROBERT MANNE, an individual; and DOES 1
10 | TO 25,
11 | Counter-Defendants.
12 |
13 | GENERAL STAR INDEMNITY COMPANY,
a Connecticut corporation,
14 | Third-Party Plaintiff,
15 | v.
16 | NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA, a
17 | Pennsylvania corporation,
18 | Third-Party Defendant.
19 |

20     Disclosure and discovery activity in this action are likely to involve production of

21 confidential, proprietary, or private information for which special protection from public

22 disclosure and from use for any purpose other than prosecuting this litigation would be warranted.

23 Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated

24 Protective Order (the "Protective Order") to facilitate the flow of discovery materials and the

25 prompt resolution of disputes over confidentiality and to protect the confidentiality of documents

26 which any party in good faith believes to be confidential.  The parties acknowledge that this

27 Protective Order does not confer blanket protections on all disclosures or responses to discovery

28 and that the protection it affords extends only to the limited information or items that are entitled

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

**STIPULATED PROTECTIVE ORDER**     -2-      C-06 0212 EDL

under the applicable legal principles to treatment as confidential.  The parties further
acknowledge, as set forth in Paragraph 3(d) below, that this Protective Order creates no
entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the
procedures that must be followed and reflects the standards that will be applied when a party
seeks permission from the court to file material under seal.

     1.     As used in this Protective Order, the word "document" means any portion of a
transcript of deposition, exhibit, affidavit, answer to interrogatory, response to request for
admission, pleading, motion, or document and any other thing produced in response to any
request for production of documents (including but not limited to reports, communications, maps,
charts, schematics, photographs, electronically stored data, and computer-generated information),
and any other materials, including all information (referred to herein as "confidential
information") contained in any such documents, produced or disclosed in this proceeding.

     2.     Any party to this action may designate as "confidential" any document, or any
portion thereof, or other information which it in good faith believes to contain or disclose any
trade secret, or other commercially sensitive, confidential or proprietary information.  Any
document so designated shall be clearly marked "CONFIDENTIAL – SUBJECT TO
PROTECTIVE ORDER," and shall not be disclosed to any third party, except pursuant to the
provisions of Paragraph 3 of this Protective Order.

     3.     For purposes of the preparation and litigation of this dispute and subject to the
terms of this Protective Order, documents may be disclosed to:

     (a)     partners, associates and employees of the law firms representing the parties or any
parties subsequently named or joined;

     (b)     independent experts or consultants who have been retained and requested by
counsel to furnish technical or expert services or to give technical or expert testimony in this
action provided that each expert or consultant to whom confidential documents or information has
been or will be disclosed is informed of the provisions and restrictions of this Protective Order
and agree(s) to comply with and be subject to the same, and signs the agreement attached as
Exhibit A;

1          (c)     the parties or any parties subsequently named or joined and their employees,

2  officers, and directors, provided that each party, employee, officer, and director to whom

3  confidential documents or information has been or will be disclosed is informed of the provisions

4  and restrictions of this Protective Order and agree(s) to comply with and be subject to the same,

5  and signs the agreement attached as Exhibit A;

6          (d)     the Court, provided that any confidential information submitted or filed with the

7  Court shall be placed under seal pursuant to Civil Local Rule 79-5, subject to release or

8  inspection only with the prior, written consent of the party claiming confidentiality as to the

9  particular material or by order of the Court;

10        (e)     deponents during the course of their deposition, provided the deponent is informed

11  of the provisions and restrictions of this Protective Order and agrees to comply with and be

12  subject to the same, and signs the agreement attached as Exhibit A. In the event of such a use or

13  disclosure of confidential documents or information, the party that designated the document or

14  information as confidential shall have the option of designating that portion of any such

15  deposition which references, incorporates or attaches any confidential documents or information

16  as confidential and is thereby subject to the same terms and conditions that apply to the other

17  document so marked under this Protective Order;

18        (f)     witnesses at trial, provided that the witness is informed of the provisions and

19  restriction of this Protective Order and agrees to comply with and be subject to the same. In the

20  event of such a use or disclosure of confidential documents or information, the party that

21  designated the document as confidential shall have the option of marking the portions of the

22  testimony that related to the disclosed, confidential document or information or any copies of the

23  document used as an exhibit as confidential and thereby subject to the same terms and conditions

24  that apply to the other document so marked under this Protective Order.

25        4.     The authorized disclosures provided for in Paragraph 3 shall be solely for the use

26  in and purposes of this action. No person or entity subject to this Protective Order shall use or

27  disclose for any other purpose, directly or indirectly, any document or other information obtained

28  in this action that has been designated in this action as confidential, unless prior written consent is

1    provided by counsel for the party designating the documents as confidential or by order of the
2    Court.

3         5.     The inadvertent failure to designate documents or information as confidential prior
4    to or at the time of disclosure shall not operate as a waiver of a party's right later to designate said
5    document or information as confidential.

6         6.     A party reviewing a document or other information or material designated as
7    confidential may object to such designation within sixty (60) days of receipt of the documents or
8    information. The objecting party within sixty (60) days may file a motion with the Court under
9    Civil Local Rule 7 for a ruling that a document or information designated by another party to be
10   confidential is not entitled to such status and protection. All parties, including the party that
11   designated the documents confidential, shall be given notice of the motion and an opportunity to
12   respond. The objecting party shall bear the burden of establishing that good cause for the
13   documents to have such protection does not exist. If no motion is made within sixty (60) days,
14   the objection will be deemed to have been waived. Pending resolution by the Court of a dispute
15   on the status of a document or information as confidential, all parties shall treat any such
16   document or information as confidential.

17        7.     Nothing in this Protective Order shall prevent counsel for the parties from agreeing
18   at any time that certain documents or information otherwise covered by this Protective Order are
19   not confidential and need not be treated in accordance with the terms of this Protective Order.

20        8.     Prior to any trial in this case, the parties shall attempt to agree on the method and
21   manner by which the confidentiality of any documents or information subject to this Protective
22   Order will be preserved at trial. In the event agreement cannot be reached, a court ruling shall be
23   obtained.

24        9.     The inadvertent or unintentional disclosure of any confidential document or
25   information subject to confidentiality protection under this Protective Order, but inadvertently not
26   marked as such, shall not be deemed a waiver, in whole or in party, of any party's claim of
27   confidentiality.

28

1    10.    The provisions of this Protective Order shall survive the termination of this case.

2    Within thirty (30) days after the final conclusion (including any appeal) of all aspects of this

3    litigation, all confidential documents and information subject to this Protective Order, and all

4    copies of the same (other than those filed with the Court), shall be returned to the party that

5    produced such documents, or at the option of the producing party, destroyed.

6    11.    This Protective Order shall be without prejudice to the right of any party to oppose

7    production of any information or to object to its admissibility into evidence by reason of lack of

8    timeliness or relevance, assertion of a privilege, undue burden, or any other lawful ground.

9    12.    This Protective Order may be executed in one or more counterparts, and each of

10   which, so executed, shall be deemed to be an original, and all such counterparts together shall

11   constitute one and the same instrument.

12   ///

13   ///

14   ///

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

**STIPULATED PROTECTIVE ORDER**          -6-          C-06 0212 EDL

Portlnd3-1553301.4 0092236-00046

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

STOEL RIVES LLP

_____

Scott J. Kaplan (State Bar # 143478)
Christopher J. Callegari (State Bar #238887)
Attorneys for Plaintiffs The Pacific Lumber
Company, Scotia Pacific Company LLC, Scotia
Pacific Holding Company, Maxxam Inc., Maxxam
Group, Inc., Maxxam Group Holdings Inc.,
Charles E. Hurwitz, Gary Clark, John Campbell
And Robert Manne

Dated: 8 - 17 - 06

BARBANEL & TREUER, P.C.

_____

Alan H. Barbanel (State Bar # 108196)
Attorneys for Defendants General Star
Indemnity Company

Dated: 7 - 31 - 06

COLLIAU ELENIUS MURPHY CARLUCCIO
 KENNER & MORROW

_____

Sherman C. Lee (State Bar # 145765)
Attorneys for Defendant and Counter-Complainant
Transportation Insurance Company

Dated:_____

LEWIS BRISBOIS BISGAARD & SMITH

_____

Rebecca R. Weinreich (State Bar # 155684)
Attorneys for Third-Party Defendant National Union
Fire Insurance Company of Pittsburgh, Pa

Dated:_____

PURSUANT TO STIPULATION, IT IS ORDERED.

_____

HONORABLE ELIZABETH D. LAPORTE
UNITED STATES MAGISTRATE JUDGE

Dated: _____

1      IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3      STOEL RIVES LLP

4      _____      Dated: _____
     Scott J. Kaplan (State Bar # 143478)

5      Christopher J. Callegari (State Bar #238887)
     Attorneys for Plaintiffs The Pacific Lumber

6      Company, Scotia Pacific Company LLC, Scotia
     Pacific Holding Company, Maxxam Inc., Maxxam

7      Group, Inc., Maxxam Group Holdings Inc.,
     Charles E. Hurwitz, Gary Clark, John Campbell

8      And Robert Manne

9      BARBANEL & TREUER, P.C.

10      _____      Dated:_____
     Alan H. Barbanel (State Bar # 108196)

11      Attorneys for Defendants General Star
     Indemnity Company

12
     COLLIAU ELENIUS MURPHY CARLUCCIO

13      KENNER & MORROW

14      _____      Dated: 8/2/06
     Sherman C. Lee (State Bar # 145765)

15      Attorneys for Defendant and Counter-Complainant
     Transportation Insurance Company

16

17      LEWIS BRISBOIS BISGAARD & SMITH

18      _____      Dated:_____
     Rebecca R. Weinreich (State Bar # 155684)

19      Attorneys for Third-Party Defendant National Union
     Fire Insurance Company of Pittsburgh, Pa

20

21      PURSUANT TO STIPULATION, IT IS ORDERED.

22

23
     _____      Dated: _____

24      HONORABLE ELIZABETH D. LAPORTE
     UNITED STATES MAGISTRATE JUDGE

25

26

27

28

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2
     STOEL RIVES LLP
3

4    _____          Dated: _____
     Scott J. Kaplan (State Bar # 143478)
5    Christopher J. Callegari (State Bar #238887)
     Attorneys for Plaintiffs The Pacific Lumber
6    Company, Scotia Pacific Company LLC, Scotia
     Pacific Holding Company, Maxxam Inc., Maxxam
7    Group, Inc., Maxxam Group Holdings Inc.,
     Charles E. Hurwitz, Gary Clark, John Campbell
8    And Robert Manne

9    BARBANEL & TREUER, P.C.

10   _____          Dated:_____
     Alan H. Barbanel (State Bar # 108196)
11   Attorneys for Defendants General Star
     Indemnity Company
12
     COLLIAU ELENIUS MURPHY CARLUCCIO
13     KENNER & MORROW

14   _____          Dated:_____
     Sherman C. Lee (State Bar # 145765)
15   Attorneys for Defendant and Counter-Complainant
     Transportation Insurance Company
16

17   LEWIS BRISBOIS BISGAARD & SMITH

18   _____          Dated: 8/4/06
     Rebecca R. Weinreich (State Bar # 155684)
19   Attorneys for Third-Party Defendant National Union
     Fire Insurance Company of Pittsburgh, Pa
20

21   PURSUANT TO STIPULATION, IT IS ORDERED.

22
     IT IS SO ORDERED
23
     _____          Dated: __August 18, 2006__
24   HONOR  Judge Elizabeth D. Laporte  LAPORTE
     UNITED STATES MAGISTRATE JUDGE
25

26

27

28