SCOTT J. KAPLAN (#143478)
ANDREW F. BRIMMER (#179146)
STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR 97204
Telephone: (503) 224-3380
Facsimile: (503) 220-2480

Attorneys for Plaintiffs/Counter-Defendants
THE PACIFIC LUMBER COMPANY,
SCOTIA PACIFIC COMPANY LLC;
MAXXAM INC., MAXXAM GROUP INC.,
MAXXAM GROUP HOLDINGS INC.,
CHARLES E. HURWITZ, GARY CLARK
JOHN CAMPBELL and ROBERT MANNE

ALAN H. BARBANEL (#108196)
KATY A. NELSON (#173759)
BARBANEL & TREUER, P.C.
1925 Century Park East, Suite 350
Los Angeles, CA 90067
Telephone: (310) 282-8088
Facsimile: (310) 282-8779

Attorneys for Defendant, Counterclaimant,
Cross-Claimant and Third-Party Plaintiff
GENERAL STAR INDEMNITY COMPANY

SHERMAN C. LEE (#145765)
COLLIAU ELENIUS MURPHY CARLUCCIO
KEENER & MORROW
405 Howard Street, Suite 600
San Francisco, CA 94105
Telephone: (415) 932-7000
Facsimile: (415) 932-7001

Attorneys for Defendant and
Counter-Complainant
TRANSPORTATION INSURANCE
COMPANY

REBECCA R. WEINREICH (#155684)
LEWIS BRISBOIS BISGAARD & SMITH LLP
221 North Figueroa Street, 12th Floor
Los Angeles, CA 90012
Telephone: (213) 250-1800
Facsimile: (213) 481-0621

Attorneys for Third-Party Defendant
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

THE PACIFIC LUMBER COMPANY, a Delaware corporation; SCOTIA PACIFIC COMPANY LLC, a Delaware corporation; MAXXAM INC., a Delaware corporation; MAXXAM GROUP INC., a Delaware corporation; MAXXAM GROUP HOLDINGS INC., a Delaware corporation; CHARLES E. HURWITZ, an individual; GARY CLARK, an individual; JOHN CAMPBELL, an individual; and ROBERT MANNE, an individual,

Plaintiffs,

v.

GENERAL STAR INDEMNITY COMPANY, a Connecticut corporation; TRANSPORTATION INSURANCE COMPANY, an Illinois corporation,

Defendants.

TRANSPORTATION INSURANCE COMPANY, an Illinois corporation,

Counter-Complainant,

v.

THE PACIFIC LUMBER COMPANY, a Delaware corporation; SCOTIA PACIFIC COMPANY LLC, a Delaware corporation; MAXXAM INC., a Delaware corporation; MAXXAM GROUP INC., a Delaware corporation; MAXXAM GROUP HOLDINGS INC., a Delaware corporation; CHARLES E. HURWITZ, an individual; GARY CLARK, an individual; JOHN CAMPBELL, an individual; ROBERT MANNE, an individual; and DOES 1 TO 25,

Counter-Defendants.

GENERAL STAR INDEMNITY COMPANY, a Connecticut corporation,

Case No. C-06 0212 EDL
ORDER, AS MODIFIED, ON
**JOINT LIST OF ISSUES NARROWING CASE MANAGEMENT STATEMENT; REPORT ON SETTLEMENT STATUS**

Judge: Honorable Elizabeth Laporte

Third-Party Plaintiff,

v.

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a Pennsylvania corporation,

Third-Party Defendant.

**NARROWING OF ISSUES**

Pursuant to the Court's Order of August 19, 2008, and following the bankruptcy of former plaintiffs The Pacific Lumber Company ("PALCO"), Scotia Pacific Company LLC ("Scotia") and the dismissal of plaintiff Gary Clark, the remaining plaintiffs, General Star Indemnity Co. ("General Star"), and Transportation Insurance Co. ("TIC") have attempted to narrow the issues to be decided in this insurance coverage action.

The parties have identified certain issues in the Joint Master Matrix identifying the issues presented in the motions for partial summary judgment, filed on January 5, 2007 (Docket No. 144), which the parties propose to consolidate and re-submit to the Court for summary adjudication:

1. What is the nature of the "Property Damage," if any, alleged in the underlying *Cave*, *Clark* and *Johnson* Lawsuits?
   (Joint Master Matrix, Issue No. 1.)

2. Do the underlying actions allege "Property Damage" and/or "Bodily Injury" which occurred during the General Star and/or Transportation TIC policy periods?
   (Joint Master Matrix, Issue Nos. 2, 3, 4 and 5.)

3. If "Property Damage" or "Bodily Injury" took place during the General Star and/or TIC policy periods, is coverage barred in whole or in part by the pollution exclusions?
   (Joint Master Matrix, Issue No. 6.)

4. If "Property Damage" or "Bodily Injury" or took place during the General Star policy periods, is coverage barred in whole or in part by the subsidence exclusions in General Star's 1988 and 1989 policies? (Joint Master Matrix, Issue No. 8.)

A number of other issues were raised and briefed in the parties' previously-filed motions for partial summary judgment, and for which the parties reserve the right to re-submit to the Court either separately or as they may be related to the foregoing issues. At this time, however, the parties believe that adjudication of the narrowed issues identified above will help facilitate a resolution of the primary disputes in this action.

**REPORT ON SETTLEMENT ISSUES**

As a result of the bankruptcy action, PALCO's insurance coverage interests are now represented by the PLC Litigation Trust (the "Trust"). The Trust and TIC have been negotiating a resolution of TIC's alleged obligations to PALCO for the underlying actions, and have reached a settlement in principle in which the Trust would release its claims against TIC and General Star at issue in this action. A draft settlement agreement has been circulated and is currently being considered by the parties to the settlement. Once this settlement has been perfected, PALCO and SCOTIA will dismiss their action against TIC and General Star.

Plaintiffs MAXXAM and the remaining individual plaintiffs have engaged in discussions with TIC and General Star to try to resolve their disputes over the duty to defend. These discussions are ongoing. If these discussions are successful, it is likely that this coverage action can be dismissed without prejudice. The parties request that the stay in this coverage action be continued another thirty (30) days so that the parties can determine if these discussions will be successful. The parties further propose that the stay be lifted after thirty days unless they jointly request the Court to maintain the stay.

\\\

\\\

\\\

\\\

DATED: December 9, 2008.

STOEL RIVES LLP

By: /s/ Scott J. Kaplan
SCOTT J. KAPLAN
Attorneys for Plaintiffs/Counter-Defendants MAXXAM INC., MAXXAM GROUP INC., MAXXAM GROUP HOLDINGS INC., CHARLES E. HURWITZ, JOHN CAMPBELL and ROBERT MANNE

DATED: December 9, 2008.

COLLIAU ELENIUS MURPHY CARLUCCIO KEENER & MORROW

By: /s/ Sherman C. Lee
SHERMAN C. LEE
Attorneys for Defendant and Counter-Complainant TRANSPORTATION INSURANCE COMPANY

DATED: December 9, 2008.

BARBANEL & TREUER, P.C.

By: /s/ Alan H. Barbanel
ALAN H. BARBANEL
Attorneys for Defendant, Counterclaimant, Cross-Claimant and Third-Party Plaintiff GENERAL STAR INDEMNITY COMPANY

DATED: December 9, 2008.

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: /s/ Rebecca R. Weinreich
REBECCA R. WEINREICH
Attorneys for Third-Party Defendant NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA

**DECLARATION REGARDING SIGNATURES**

I, Sherman C. Lee, declare under penalty of perjury that I obtained concurrence to file this document from counsel for defendants.

/s/ Sherman C. Lee
Sherman C. Lee

\\\

\\\

**ORDER**

This action is stayed until ~~further order from the Court~~ January 20, 2009. Counsel shall submit a further joint status report to the Court no later than February 3, 2009. The further case management conference set for December 16, 2008, is continued to February 10, 2009, at 10:00 a.m.

Dated: December 11, 2008

THE HONORABLE ELIZABETH D. LAPORTE

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

IT IS SO ORDERED AS MODIFIED

Elizabeth D. Laporte

Judge Elizabeth D. Laporte