| | |
|---|---|
| 1 | SCOTT J. KAPLAN (#143478) |
|   | ANDREW F. BRIMMER (#179146) |
| 2 | STOEL RIVES LLP |
|   | 900 SW Fifth Avenue, Suite 2600 |
| 3 | Portland, OR  97204 |
|   | Telephone:  (503) 224-3380 |
| 4 | Facsimile:   (503) 220-2480 |
| 5 | Attorneys for Plaintiffs/Counter-Defendants |
|   | MAXXAM INC., MAXXAM GROUP INC., |
| 6 | MAXXAM GROUP HOLDINGS INC., |
|   | CHARLES E. HURWITZ, JOHN CAMPBELL |
| 7 | and ROBERT MANNE |
| 8 | ALAN H. BARBANEL (#108196) |
|   | KATY A. NELSON (#173759) |
| 9 | BARBANEL & TREUER, P.C. |
|   | 1925 Century Park East, Suite 350 |
| 10 | Los Angeles, CA  90067 |
|   | Telephone:  (310) 282-8088 |
| 11 | Facsimile:   (310) 282-8779 |
| 12 | Attorneys for Defendant, Counterclaimant, |
|   | Cross-Claimant and Third-Party Plaintiff |
| 13 | GENERAL STAR INDEMNITY COMPANY |
| 14 | SHERMAN C. LEE (#145765) |
|   | COLLIAU ELENIUS MURPHY CARLUCCIO |
| 15 | KEENER & MORROW |
|   | 405 Howard Street, Suite 600 |
| 16 | San Francisco, CA  94105 |
|   | Telephone:  (415) 932-7000 |
| 17 | Facsimile:   (415) 932-7001 |
| 18 | Attorneys for Defendant and |
|   | Counter-Complainant |
| 19 | TRANSPORTATION INSURANCE |
|   | COMPANY |
| 20 | |
|   | REBECCA R. WEINREICH (#155684) |
| 21 | LEWIS BRISBOIS BISGAARD & SMITH LLP |
| 22 | 221 North Figueroa Street, 12th Floor |
|   | Los Angeles, CA  90012 |
| 23 | Telephone:  (213) 250-1800 |
|   | Facsimile:   (213) 481-0621 |
| 24 | |
|   | Attorneys for Third-Party Defendant |
| 25 | NATIONAL UNION FIRE INSURANCE |
|   | COMPANY OF PITTSBURGH, PA |
| 26 | |
| 27 | |
| 28 | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THE PACIFIC LUMBER COMPANY, a Delaware corporation; SCOTIA PACIFIC COMPANY LLC, a Delaware corporation; MAXXAM INC., a Delaware corporation; MAXXAM GROUP INC., a Delaware corporation; MAXXAM GROUP HOLDINGS INC., a Delaware corporation; CHARLES E. HURWITZ, an individual; GARY CLARK, an individual; JOHN CAMPBELL, an individual; and ROBERT MANNE, an individual,<br><br>            Plaintiffs,<br>    v.<br><br>GENERAL STAR INDEMNITY COMPANY, a Connecticut corporation; TRANSPORTATION INSURANCE COMPANY, an Illinois corporation,<br><br>            Defendants. | Case No. C-06 0212 EDL<br><br>**JOINT STATUS REPORT** AND ORDER THEREON<br><br>Date:   August 4, 2009<br>Time:   10:00 a.m.<br>Dept.:  Courtroom E<br>            The Honorable Elizabeth Laporte |
| And Related Third Party Actions. | |

Pursuant to the Court's Order of May 13, 2009, the parties to this action jointly submit this joint status report. The parties have consented to trial before Magistrate Judge Laporte. For the reasons set forth below, the parties respectfully request a 30 day continuance of the August 4, 2009 case management conference to resolve the few remaining issues to effect a dismissal of this action.

As this Court is aware, the parties have been negotiating a dismissal of this action. These negotiations are comprised of two components, the first of which involves the Chapter 11 bankruptcy action filed in the U.S. Bankruptcy Court for the Southern District of Texas, Corpus Christi Division, case numbers 07-20028-C-11 and 70-20032-C-11 (jointly

1  administered under case number 07-20027-C-11) by plaintiffs Pacific Lumber Company
2  ("PALCO") and Scotia Pacific Company, LLC.

3      The PLC Litigation Trust (which now holds all of PALCO's rights pursuant to the
4  approved bankruptcy plan), the SPC Litigation Trust (which now holds all of Scotia Pacific
5  Company LLC and Scotia Pacific Holding Company LLC's rights pursuant to the approved
6  bankruptcy plan), and defendants Transportation Insurance Co. and General Star Indemnity
7  Co. executed a Stipulation Resolving Claims Under CNA Insurance Program in the
8  bankruptcy action which settles the claims among them at issue in this coverage action.

9      This Stipulation was filed with the bankruptcy court on May 5, 2009 in a Motion for
10 Order Approving Compromise and Settlement.  Since the last Joint Status Report, the Motion
11 for Order Approving Compromise and Settlement has been granted by the bankruptcy court,
12 and no challenges to, or any appeals of, the motion were filed, and thus the Order Approving
13 Compromise and Settlement has become final.  PALCO's claims against Transportation and
14 General Star in this coverage action have thus been resolved.

15     The second component of negotiations concerns the claims made by the remaining
16 plaintiffs, MAXXAM Inc., *et al*., who have conveyed a proposed tolling and interim defense
17 agreement to Transportation and General Star.  In turn, Transportation and General Star seek
18 to add third-party defendant National Union Fire Insurance Co. of Pittsburgh, PA as a
19 signatory to this agreement.  Progress has been made towards finalizing this proposed
20 agreement, but, as of the date of this report, one party has not yet provided final approval.

21     Accordingly, to permit time for the parties to finalize the remaining terms of
22 MAXXAM's proposed tolling and interim defense agreement, the parties respectfully request
23 that the Case Management Conference currently scheduled for August 4, 2009 be continued
24 for 30 days.  Barring any currently-unforeseen issues or disputes, the parties anticipate that the
25 proposed tolling and interim defense agreement will be executed shortly and a stipulation for
26 entry of an order dismissing this action can be filed soon thereafter.

27     Separately, a continuance of the Case Management Conference is also requested
28 because counsel for the remaining plaintiffs will be in trial on August 4th (the currently-

scheduled date of the conference) through August 6th, and thus a continuance is sought to permit his participation in the next Case Management Conference. If the Court declines to continue the Case Management Conference, non-local counsel respectfully request permission to attend the conference by telephone.

                            Respectfully submitted,

DATED: July 28, 2009       STOEL RIVES LLP

                            By: /s/ Scott J. Kaplan
                                SCOTT J. KAPLAN
                                Attorneys for Plaintiffs/Counter-Defendants
                                MAXXAM INC., MAXXAM GROUP INC., MAXXAM GROUP HOLDINGS INC., CHARLES E. HURWITZ, JOHN CAMPBELL and ROBERT MANNE

DATED: July 28, 2009       COLLIAU ELENIUS MURPHY CARLUCCIO
                                  KEENER & MORROW

                            By: /s/ Sherman C. Lee
                               SHERMAN C. LEE
                               Attorneys for Defendant and Counter-Complainant
                               TRANSPORTATION INSURANCE COMPANY

DATED: July 28, 2009       BARBANEL & TREUER, P.C.

                            By: /s/ Katy A. Nelson
                              KATY A. NELSON
                               Attorneys for Defendant, Counterclaimant,
                                Cross-Claimant and Third-Party Plaintiff
                               GENERAL STAR INDEMNITY COMPANY

DATED: July 28, 2009       LEWIS BRISBOIS BISGAARD & SMITH LLP

                            By: /s/ Rebecca R. Weinreich
                              REBECCA R. WEINREICH
                               Attorneys for Third-Party Defendant NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA

**DECLARATION REGARDING SIGNATURES**

I, Sherman C. Lee, declare under penalty of perjury that I obtained concurrence to file this document from counsel for defendants.

                                       /s/  Sherman C. Lee
                                                           Sherman C. Lee

**ORDER**

The case management conference currently scheduled for August 4, 2009 is continued to _September 15_, 2009.  Counsel shall submit a further joint status report to the Court no later than _September 8_, 2009.

Dated: July _29_, 2009



_____
THE HONORABLE ELIZABETH D. LAPORTE
Judge Elizabeth D. Laporte
IT IS SO ORDERED

**PROOF OF SERVICE**

I am a citizen of the United States, over the age of eighteen years, and not a party to the within action; my business address is Colliau Elenius Murphy Carluccio Keener & Morrow**,** Suite 600, 405 Howard Street, San Francisco, CA  94105.

On July 28, 2009, I served the foregoing document described as:

**JOINT STATUS REPORT**

on the attorney(s) of record and/or interested parties in the case *The Pacific Lumber Co., et al. v. General Star Indemnity Co., et al. and related cross-actions, U.S.D.C., No. Dist. of California, Case No. C 060212 EDL*, as follows:

**SEE ATTACHED SERVICE LIST**

☐  **BY FACSIMILE TRANSMISSION**.  By transmitting via facsimile machine to the parties listed above.  The facsimile machine I used complied with ☐  *California Rules of Court, Rule 2003* ☐  *Federal Rule of Civil Procedure 4*, and the transmission was reported as complete, without error by a transmission report issued by the transmitting facsimile machine immediately upon completion of transmittal.

By placing ☐   a true copy  ☐   the original thereof enclosed in sealed envelope(s) to the parties listed above and transmitting:

☐  **BY U.S. MAIL**.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

☐  **BY OVERNIGHT CARRIER**.  I delivered the foregoing documents to a courier or driver authorized by the overnight carrier to receive and transport documents for overnight delivery.  I am "readily familiar" with the firm's practice of collection and processing correspondence for overnight carrier.  It is deposited with the overnight carrier on the same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

☒  **BY ELECTRONIC TRANSMISSION**.  I electronically transmitted the attached documents to the Clerk of the Court using the ECF System for filing.  Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the ECF registrants.

     I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on July 28, 2009, in the City and County of San Francisco, California.

                                             /s/Paula Woolery
                                  _____
                                      PAULA WOOLERY

PROOF OF SERVICE - 2